IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-11364
Summary Calendar

WALTER J EVANS; MARGIE F EVANS
Plaintiffs-Appellants,

versus

EDWARD R SWEETSER; SUZANNE QUILLEN-SWEETSER;
DAVID KLEIN; BARBARA KLEIN
Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-2099-D)

March 14, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, the Evans, bought a piece of property in New Mexico on which they

planned to build a home. Defendants, the Sweetsers and the Kleins, own adjoining

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

pieces of property. Following the exchange of several letters and phone calls, in which the Sweetsers and Kleins asserted rights under covenants which apply to all three parcels of property to have the Evans change their building plans, the Evans filed suit in Texas state court. The Sweetsers and the Kleins removed to federal court, where the district court granted their motion to dismiss for lack of personal jurisdiction. The Evans appeal. The only issue before this court is whether the district court properly concluded that it did not have personal jurisdiction over the defendants. We review *de novo*. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996).

As the Texas long-arm statute extends to the limits that federal due process allows, *Stuart v. Spaderman*, 772 F.2d 1185, 1189 (5th Cir. 1985), and there is no asserted basis for general jurisdiction, the only questions we must answer are whether (1) defendants purposefully established minimum contacts with Texas and (2) entertainment of the suit would offend traditional notions of fair play and substantial justice. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1989). In attempting to assert personal jurisdiction, the Evans assert the following "contacts" by defendants with Texas: two letters sent by the Sweetsers and Kleins to the Evans' Texas address and a telephone call defendants made to the Evans' residence in Texas from New Mexico.

The district court correctly determined that it lacked personal jurisdiction over the defendants. In order to have personal jurisdiction, the district court must have

2

before it facts that establish "minimum contacts" by defendants such that they could "reasonably anticipate being haled into court there." *Calder v. Jones*, 104 S.Ct. 1482, 1487 (1984) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). That the Evans' complaint alleges an intentional tort is not enough. *See Wallace v. Heron*, 778 F.2d 391, 394 (7th Cir. 1985) ("We do not believe that the Supreme Court, in *Calder*, was saying that any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendant has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff."), *cert. denied*, 475 U.S. 1122 (1986). The letters sent to the Evans do not establish personal jurisdiction, because they create no reasonable expectation of being haled into court. Unlike *Calder*, where over half a million copies of the allegedly libelous article were sent to California for the express purpose of distributing the article to the magazine's largest state market, that the Evans' address was in Texas was a "mere fortuity." *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986) ("[T]he exchange of communications between Texas and Oklahoma . . . was in itself [ ] insufficient to constitute purposeful availment of the benefits and protections of Texas law. These communications to Texas rested on nothing but the mere fortuity that [plaintiff] happens to be a resident of the forum." (internal quotation omitted)), *cert. denied*, 481 U.S. 1015 (1987); *Burger King v. Rudzewicz*, 105 S.Ct. 2174, 2183 (1985) (defendant

3

cannot be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts--the defendant must still "purposefully avail [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").

For similar reasons, the letters and phone call do not establish personal jurisdiction over the Evans' breach of covenant or conspiracy claims.

AFFIRMED.